UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH CHRISTOPHER JAMES WILSON,

Plaintiff,

v.

WELL PATH MEDICAL GROUP, *et al.*,

Defendants.

Case No.  2:26-cv-1577-JDP (P)

ORDER

Plaintiff, a detainee in the Butte County Jail, brings this action alleging that defendants violated his Fourteenth Amendment rights by denying him adequate medical care.  ECF No. 1. The complaint fails, however, to comply with federal pleading standards, and I will dismiss it with leave to amend.

Screening Order

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that defendants Well Path Medical Group, Ryan Rayome, Harris, and Tara Foster violated his Fourteenth Amendment rights by failing to provide him with adequate medical care during his detainment in the Butte County Jail.  ECF No. 1 at 2-4.  The complaint fails, however, to put each defendant on notice of the claims against them.  As an initial matter, the complaint is difficult to read due to plaintiff's handwriting.  As best I can tell, there are two separate injuries at issue.  First, he alleges that he has a shoulder or clavicle injury that has not been properly treated or diagnosed.  *Id.* at 4.  Second, he claims that he was booked into jail with broken ribs and unspecified medial staff failed to prescribe imaging that would properly diagnose the problem.  *Id.* at 5.  The complaint does not, as it must, differentiate among the named defendants or explain what role each played in the alleged failure to provide adequate care.  To

2

satisfy federal pleading standards, a complaint must put each defendant on notice as to plaintiff's claims against them. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    May 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3